# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ISAAC A. POTTER, JR.,**
**SAMUEL POTTER,**

      **Plaintiffs,**

-vs-                                                     **Case No. 6:05-cv-872-Orl-18KRS**

**GENERAL MILLS, INC.,**

      **Defendant.**

## REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT

On June 13, 2005, Isaac A. Potter, Jr., and Samuel Potter (the Potters) appearing *pro se*, filed a complaint against General Mills, Inc. (GM), doc. no. 1, along with a motion for leave to proceed *in forma pauperis*, doc. no. 2. Pursuant to 28 U.S.C. § 1915(e), the Court is required to consider whether the Potters' complaint is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.

### I.    STANDARD OF REVIEW.

The United States Court of Appeals for the Eleventh Circuit applies the same standard applicable to motions to dismiss under Fed. R. Civ. P. 12(b)(6) to dismissals for failure to state a claim on which relief may be granted under section 1915(e)(2)(B)(ii). Under this standard, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contain 'a short statement of the claim showing that the

pleader is entitled to relief[.]'" *United States v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (quoting Fed. R. Civ. P. (8)(a)) (alteration in orginal).

In addition, it is well established that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). Nevertheless, it is not the Court's duty to re-write a plaintiff's complaint so as to bring it into compliance with the Federal Rules of Civil Procedure. *See Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993); *see also Olsen v. Lane*, 832 F. Supp. 1525, 1527 (M.D. Fla. 1993) ("[*P*]*ro se* litigant[s] must still meet minimal pleading standards.").

**II.   ANALYSIS.**

In their complaint, the Potters appear to assert claims for copyright/trademark infringement against GM. Doc. No. 1, at 1. However, the basis for their claims is not altogether clear. In sum, the Potters allege that:

> [GM] contributed to economic espionage by conspiracy with Toei [sic] Animation, Masami, Kurumada, Bandi of America and Shurisha; without authorization copies, duplicates, sketches, draws, photographs, downloads, uploads, alters, destroys, photocopies, replicates, transmits, delivers, sends, mails, communicates, or conveys a trade secret known as "Zodiac Knights 2000" used by the mentioned infringers called "Knights of the Zodiac" a reverse [sic] palming off, reverse confusion along with presumption of ownership.

*Id*. at 2.

Without more, these allegations are wholly insufficient to assert a cognizable claim within the jurisdiction of this Court. The Potters do not state what ownership or other right in intellectual property or trade secrets they allegedly possess has been infringed. While the title of the Complaint is (Willful Contributor) Copyright/Trademark Infringement, the body of the complaint refers to disclosure of a trade secret, which may be an attempt to state a claim under Florida law.

Accordingly, I recommend that the Court dismiss the complaint, and deny the motion to proceed *in forma pauperis*. I further recommend that the Court give the Potters leave to file an amended complaint within eleven days following the Court's order dismissing the complaint.

Should the Potters choose to file an amended complaint, they are advised that to state a colorable claim for trademark infringement under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, a plaintiff must allege that: (1) he has a valid trademark; (2) the defendant used an identical or similar mark in commerce without his consent; (3) the defendant's use postdates his use; and (4) the defendant's use is likely to cause confusion. *See, e.g., Pearl Vision, Inc. v. Vision Care of Ft. Myers, Inc.*, No. 2:04CV357FTM29DNF, 2005 WL 1126557, *2 (M.D. Fla. May 11, 2005); 15 U.S.C. § 1114.

The analysis of liability for Florida common law trademark infringement is the same as under the Lanham Act. *See Gift of Learning Foundation Inc. v. TGC, Inc.*, 329 F.3d 792, 802 (11th Cir. 2003).

To state a colorable claim for false designation of origin in the form of "reverse palming off" under the Lanham Act, a plaintiff must allege: "1) the item at issue originated with the plaintiff; 2) the defendant falsely designated the origin of the work; 3) the false designation was likely to cause consumer confusion; and 4) the plaintiff was harmed by the defendant's false designation." *Portionpac Chemical Corp. v. Sanitech Systems, Inc.*, 217 F. Supp. 2d 1238, 1251-52 (M.D. Fla. 2002) (internal quotation marks and citation omitted); 15 U.S.C. § 1125(a).

Furthermore, to state a colorable claim for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*, a plaintiff must allege: (1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original. *See, e.g., Herzog v. Castle Rock Entertainment*, 193 F.3d 1241, 1247-48 (11th Cir. 1999).

Moreover, the Potters must provide the full name and current address for each defendant named in the amended complaint. The Potters should clearly describe <u>how each named defendant</u> is involved in the alleged statutory and/or common law violations in the body of the amended complaint in a section entitled "Statement of Facts." The Potters are advised that conclusory and vague allegations are insufficient to state a cognizable claim within the jurisdiction of this Court.

## III. RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the complaint be dismissed, without prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915(e) and that the pending motion (doc. no. 2) be denied as moot. I further recommend that the Court permit the Potters to file an amended complaint within (11) eleven days after its ruling on this Report and Recommendation, and that the Potters be permitted to renew their motion to proceed without prepayment of fees if an amended complaint is filed.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 15, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties
District Courtroom Deputy